Robert B. Katz, Esq., SBN 7768
Amar Law Group, PLLC
2300 W. Sahara Ave., Ste. 800
Las Vegas, NV  89102
(702) 852-2929 – phone
(866) 226-1333 - fax
docs@amarlawgrp.com
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FOUAD ELIAS KHOURY, an individual, and JUMANA KHOURY, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>TESLA, INC., a corporation; and DOES 1 through 10, inclusive<br><br>Defendant. | Case No.:<br><br>**COMPLAINT -<br>VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT** |

    1.    The District Court has jurisdiction to hear this matter under 28 U.S.C. §1331 as there is a federal question pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 *et seq*. Jurisdiction is also conferred through 15 U.S.C. §2310(d) as the amount in controversy exceeds $50,000.00.

    2.    Plaintiffs, FOUAD ELIAS KHOURY and JUMANA KHOURY, are motor vehicle consumers.

3. Defendant, TESLA, INC. ("Defendant") is a foreign corporation authorized to do business in the State of Nevada. Defendant is engaged in the manufacture, assembly, integration, sale, supply and distribution of automobiles and attendant warranties. Defendant supplies its products and services to the Nevada consuming public through its authorized dealerships and repair agents, including Findlay Volvo Cars of Las Vegas.

4. On September 13, 2021, Plaintiffs purchased from Findlay Volvo Cars of Las Vegas a used 2020 TESLA MODEL X VIN#: 5YJXCBE24LF304210 ("MODEL X"), manufactured, warranted, and supplied by Defendant, for a cash price of $94,488.25.

5. In connection with Plaintiff's acquisition of the MODEL X, Defendant issued and supplied to Plaintiff its written warranty which covers *inter alia* defects in materials or workmanship for four (4) years or 50,000 miles, whichever comes first and covering defects in materials or workmanship related to the vehicle's powertrain for four (4) years or 50,000 miles, whichever comes first, as well as a warranty on the battery of eight (8) years or 120,000 miles, whichever comes first.

6. The MODEL X experienced substantial defects and conditions from the time it was first acquired by Plaintiffs including: driver window (10 repair attempts), electrical issues (4 repair attempts), suspension (4 repair attempts), vibrating condition (3 repair attempts), squeaking condition (3 repair attempts), passenger window (2 repair attempts), side mirror (2 repair attempts), rattling condition (2 repair attempts), HVAC (2 repair attempts), steering (2 repair attempts), cup holders, the X Module, battery, non-starting condition, driver seat, rattling

condition, shifting condition, front tires, maps, software, touch screen, autopilot cameras, and key fob.

7. The MODEL X underwent these warranty repairs for approximately forty-three (43) days.

8. This repair history is unreasonable under the Magnuson-Moss Warranty Act because both the vehicle's repeated repair attempts and days out of service exceed what is established by law as reasonable.

9. Upon information and belief, the MODEL X remains defective.

10. The MODEL X's defective condition and the inadequate untimely repairs constitute substantial impairment in the use and market value of the MODEL X to Plaintiffs.

11. Plaintiffs provided Defendant written notice of the MODEL X's defects and a reasonable opportunity to repair the MODEL X as evidenced by the repeated unsuccessful repair attempts and repairs the MODEL X required.

12. Defendant had written notification of the defects and conditions in the MODEL X and an opportunity to cure the MODEL X.

13. Plaintiffs gave Defendant additional written notification of the defects and opportunities to repair the MODEL X via a Notice Letter sent to Defendant on March 26, 2024.

14. Defendant and Plaintiffs were unable to reach an accord.

15. Plaintiffs were and will continue to be financially damaged by Defendant's failure to conform the MODEL X to its warranties because Plaintiffs did not receive the basis of their bargain for a lightly used MODEL X (with 8,321 miles on the date of purchase), but instead were

saddled with a vehicle akin to a lower value much higher mileage roughly used car riddled with substantial defects, conditions, and nonconformities.

16. Plaintiffs have met all financial obligations for the MODEL X and the preconditions of the law.

## COUNT I—BREACH OF WRITTEN WARRANTY
## PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT

17. Plaintiffs re-allege and incorporate by reference paragraphs 1-16, above, as though fully set forth herein.

18. Defendant failed to comply with its duties under the MODEL X's written warranty. Additionally, the warranty has failed of its essential purpose.

WHEREFORE, pursuant to 15 U.S.C. § 2310, Plaintiffs pray for the following relief against Defendant for its written warranty breach:

    a. An award of diminution in value damages and any equitable relief to which Plaintiffs are entitled.

    b. All actual, incidental, and consequential damages.

    c. All reasonable attorneys' fees, litigation costs and expenses pursuant to 15 U.S.C. §2310 (d)(2); and,

    d. All other relief deemed just and appropriate.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## DEMAND FOR JURY TRIAL

Plaintiffs, FOUAD ELIAS KHOURY and JUMANA KHOURY by and through their attorney Robert B. Katz, Esq., hereby demand a jury trial of all the issues in the above matter.

DATED this 27th day of June, 2024.     AMAR LAW GROUP, PLLC

By ___/s/ *Robert B. Katz* _____
Robert B. Katz, Esq., SBN 7768
AMAR LAW GROUP, PLLC
2300 W. Sahara Ave., Ste. 800
Las Vegas, NV  89101

*Attorneys for Plaintiffs*