UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FOUAD ELIAS KHOURY, and JUMANA KHOURY<br><br>Plaintiffs,<br><br>v.<br><br>TESLA, INC., and DOES 1 through 10, inclusive<br><br>Defendants. | Case No. 2:24-cv-01179-EJY<br><br>**ORDER** |

Pending before the Court is Defendant Tesla, Inc.'s Motion for Summary Judgment (ECF No. 15). The Court reviewed the Motion, Plaintiffs' Opposition (ECF No. 17), and Defendant's Reply (ECF No. 18). The Court finds as follows.

**I.   Background**

This case arises from the September 13, 2021 purchase by Plaintiffs of a used 2020 Tesla Model X from non-party Findlay Volvo Cars of Las Vegas. ECF No. 1 ¶ 4. Evidence shows that this vehicle was sold by Findlay Volvo "As-Is" with no dealer warranty, but that the manufacturer's warranty still applied at the time of purchase. ECF No. 15-5 at 2.[1] Subject to certain limitations, the manufacturer's warranty offered by Tesla covers the repair or replacement necessary to correct defects of any parts manufactured or supplied by Tesla for a period of four years or 50,000 miles, in addition to separate extended warranties for the vehicle's seat belts, air bag system, battery, and drive unit. ECF No. 17-1 at 8-9. This warranty also states that it is "transferable at no cost to any person(s) who subsequently and lawfully assume(s) ownership of the vehicle after the first retail purchaser[.]" *Id.* at 7.

Plaintiffs allege that the Model X suffered from substantial defects and impaired performance from the time they first acquired the vehicle, including issues with the windows, side mirror,

---

[1]   In fact, in its Motion for Summary Judgment Tesla acknowledges that the Buyers Guide from Findlay "stated that a 'MANUFACTURER'S WARRANTY STILL APLLIES,' and that 'The manufacturer's original warranty has not expired on some components of the Model X.'" ECF No. 15 at 3.

1  suspension, electrical system, and cup holders. ECF No. 1 ¶ 6. Plaintiffs allege these defects
2  required multiple and frequent repairs totaling forty-three days of cumulative repair time, *id.* ¶ 7,
3  and invoices offered by Plaintiffs document over a dozen service visits between 2021 and 2024, all
4  covered by warranty.[2] ECF No. 17-2.

5  Following efforts to negotiate a repurchase or replacement of the vehicle, ECF No. 17-3,
6  Plaintiffs initiated this action against Tesla on June 27, 2024 asserting a single claim for breach of
7  written warranty under the Magnuson-Moss Warranty Act (sometimes "Magnuson-Moss" or "the
8  Act"). ECF No. 1. As part of this claim, Plaintiffs allege Tesla failed to comply with its duties under
9  the written warranty and that the warranty has failed its essential purpose. *Id.* ¶ 18. As such,
10 Plaintiffs seek relief in the form of diminution in value, incidental and consequential damages, and
11 reasonable attorneys' fees. *Id.* at 4. Following the close of discovery, Tesla filed the instant Motion
12 for Summary Judgment arguing it was entitled to judgment as a matter of law based on the
13 undisputed facts that no vertical privity existed between Plaintiffs and Tesla and that Plaintiffs did
14 not state separate state law warranty claims. ECF No. 15.

15 **II.    Legal Standard**

16 Rule 56 of the Federal Rules of Civil Procedure ("FRCP") allows for entry of summary
17 judgment when a moving party demonstrates that "there is no genuine dispute as to any material fact
18 and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are
19 those that may affect the outcome of the case, and a dispute as to a material fact is genuine if there
20 is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Anderson v.*
21 *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining summary judgment, a court applies
22 a burden-shifting analysis. When, as is the case here, the nonmoving party would bear the burden
23 of proving a claim at trial, the moving party can meet its burden by either presenting evidence to
24 negate an essential element of the nonmoving party's case or demonstrating that the nonmoving

---

[2] The Court notes the majority of the service visits documented in the invoices relate to squeaking or whistling noises and vibrations noticed by Plaintiffs rather than any loss of function or performance. *See generally* ECF No. 17-2. At certain points, Tesla's technicians indicated to Plaintiffs that a noise they complained of was a "normal characteristic[s] associated with" newly installed parts and "d[id] not impact the performance or drivability of the vehicle." *Id.* at 37; *see also id.* at 41 (an alleged issue with the driver window "is normal" and the component is "working correctly").

party failed to make a showing sufficient to establish an essential element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied, and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–60 (1970).

**III.   Discussion**

Tesla raises two arguments in support of summary judgment. First, Tesla argues that Plaintiffs cannot assert a claim for breach of implied warranty under Nevada law because of the lack of privity between the parties. ECF No. 15 at 4. Second, Tesla argues Plaintiffs' Magnuson-Moss claim must be dismissed because Plaintiffs did not separately assert any state law breach of warranty claims. *Id.* at 4-5.

   A.   <u>Vertical Privity and the Non-Existent Implied Warranty Claim</u>.

The Court begins with Tesla's first argument, which consists of a single paragraph and rests on the assertion that "Nevada law requires privity to pursue an implied warranty claim." *Id.* at 4. Tesla's argument fails right out of the gate as Plaintiffs do not assert any claim for breach of implied warranty. Tesla acknowledges as much on the previous page of its Motion when it states: "Plaintiff[s] assert one single solitary cause of action against Tesla for Breach of *Written Warranty*[.]" *Id.* at 3 (emphasis added). Indeed, the sole count in Plaintiffs' Complaint, which Tesla attaches to its Motion, is for Breach of Written Warranty under the Magnuson-Moss Act. ECF No. 1 at 4. Moreover, even though Plaintiffs explain in their Opposition that their Complaint "clearly does not assert any claim for breach of implied warranties," ECF No. 17 at 6, Tesla continues in its Reply to characterize Plaintiffs' Complaint as asserting a claim "for breach of implied warranty under Magnuson Moss [sic]." ECF No. 18 at 2.

Because it is clear from the face of the Complaint and Plaintiffs' Opposition that Plaintiffs are asserting a claim based on an express written warranty, which the Buyers Guide attached to Tesla's Motion indicates was still in effect as of the date Plaintiffs purchased the vehicle, ECF No. 15-5, Telsa's arguments regarding the privity requirements of *implied* warranty claims are meritless. Similarly, the cases on which Tesla relies, *Soltani v GP Industries*, 2011 WL 6916451 (Nev. Dec. 27, 2011) and *Long v. Flanigan Warehouse Co.*, 382 P.2d 399 (Nev. 1969), each involve claims for

breach of implied warranty and are, thus, inapposite. *See Soltani*, 2011 WL 6916451, at *5 ("Nevada law requires privity to pursue an *implied* warranty claim."); *Long*, 382 P.2d at 402 ("[L]ack of contractual privity will bar recovery on an *implied* warranty theory.") (emphases added).

Plaintiffs, for their part, devote a considerable portion of their Opposition to arguing that Nevada law does not require vertical privity for either express or implied warranty claims by distinguishing *Long* from later Nevada cases. ECF No. 17 at 6-8. However, because this case involves the alleged breach of an express, written warranty, and Tesla never argues that express warranty claims require vertical privity, the Court need not resolve this legal question.

The argument raised by Tesla regarding implied warranty simply does not apply to the facts of this case. Therefore, the Court denies summary judgment based on lack of vertical privity applicable to an implied warranty claim under state law.

B.   The Magnuson-Moss Warranty Act.

As second basis for summary judgment, Tesla argues that Plaintiffs' Magnuson-Moss claim fails because Plaintiffs did not separately assert a state law breach of warranty claim.[3] ECF No. 15 at 4-5. Citing *Clemens v DaimlerChrysler Corp.*, 534 F.3d 1017 (9th Cir. 2008), Telsa asserts that "a federal Magnuson Moss Warranty Act [claim] cannot stand alone," and that therefore "the Court is obliged to dismiss the entirety of Plaintiff's complaint against Tesla." ECF No. 18 at 2.

Tesla's argument misapprehends the Magnuson-Moss Warranty Act. The Act creates a federal cause of action for consumers damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligations under the Act or the terms of a warranty, either written or implied. 15 U.S.C. § 2310(d); *see also Milicevic v. Fletcher Jones Imps., Ltd.*, 402 F.3d 912, 917 (9th Cir. 2005). Although there is a cause of action under § 2310(d) for failure to comply with the provisions of the Magnuson-Moss Act itself, a consumer may alternatively assert a § 2310(d) claim for *breach of warranty* under the Act that "incorporates the substantive provisions of state warranty laws." *Nguyen v. Nissan N. Am., Inc.*, 932 F.3d 811, 817 n.3 (9th Cir. 2019); *see also Freas v. BMW of N. Am., LLC*, Case No. 3:17-cv-01761-H-AGS, 2018 WL 9536804, at *1 (S.D. Cal. July 9, 2018)

---

[3] Plaintiffs assert that this argument is nothing more than a challenge to the facial validity of their claim as pleaded, and therefore asks the Court to construe Tesla's argument as an untimely Rule 12(b)(6) motion. ECF No. 17 at 4-5. Because the Court finds Tesla's argument fails on the merits, it does not consider Plaintiffs' procedural argument.

1  ("[T]he [Magnuson-Moss] Act permits consumers to sue in federal court for violations of state law
2  warranties[.]").

3  The fact that breach of warranty claims under Magnuson-Moss incorporate state law does
4  not create the requirement that a plaintiff who asserts such a claim must assert a separate state law
5  claim. To the contrary, the federal courts are clear that a complaint under Magnuson-Moss may
6  proceed without pleading a separate state law claim. *See, e.g., Skiffington v. Keystone RV Co.*, Case
7  No. CV-12-09359-MWF (CWx), 2013 WL 12131716, at *5 (C.D. Cal. Dec. 9, 2013) ("the text of
8  Magnuson-Moss and case law both inside and outside of this circuit indicate that Plaintiffs can bring
9  independent Magnuson-Moss claims without associated state law claims"); *Pearson & Son
10 Excavating, Co., Inc. v. W. Recreational Vehicles, Inc.*, Case No. 03-40246, 2007 WL 836603, at *2
11 (E.D. Mich. Mar. 14, 2007) ("This does not mean, however, that the absence of a separate implied
12 warranty claim under state law in a case precludes a claim under the Magnuson-Moss Warranty
13 Act.").

14 The Southern District of California's decision in *Freas* is particularly instructive as that case
15 involved very similar facts as those alleged in the case at bar. The plaintiff in *Freas* was a Nevada
16 resident who purchased a used BMW only to discover ongoing defects requiring frequent repairs,
17 resulting in the vehicle being out of service for over sixty cumulative days.[4] The plaintiff then filed
18 a complaint against BMW in California, his new state of residence, asserting claims under the
19 Magnuson-Moss Act and a relevant California consumer protection law. *Freas*, 2018 WL 9536804,
20 at *1. The California state law claim was dismissed by stipulation of the parties and the complaint
21 proceeded on a single claim under Magnuson-Moss. *Id.*

22 In response to a motion for summary judgment filed by BMW, the plaintiff moved to add
23 additional state law warranty claims "in an abundance of caution if it is found that the Magnuson-
24 Moss Warranty Act required pleading of a state law claim as opposed to 'looking to' state law for
25 any needed supplementation." *Id.* (cleaned up). In an order denying leave to amend, the Southern
26 District of California explained that adding state law claims was unnecessary because "nothing in

---

[4] *See Freas v. BMW of N. Am., LLC*, 320 F. Supp. 3d 1126, 1129 (S.D. Cal. 2018) for these fact.

5

the Magnuson-Moss Warranty Act requires a plaintiff to separately plead a state law warranty claim in order to obtain relief." *Id.* at 2.

In contrast to the above authority, Tesla supports its argument by relying on a single line from the Ninth Circuit's opinion in *Clemens v. DaimlerChrysler Corp.* ECF No. 15 at 5. This reliance is misplaced. While the court in *Clemens* did note that the plaintiff's "claims under the Magnuson-Moss Act stand or fall with his express and implied warranty claims under state law," 534 F.3d at 1022, this statement acknowledged that a party cannot lose on a state law warranty claim and still prevail on a Magnuson-Moss claim based on the same allegations because breach of warranty claims under the Act incorporate state law. Indeed, the above statement was made in reference to the holding of the district court, which had dismissed the plaintiffs' Magnuson-Moss claim because it "[wa]s based on the same substantive allegations" as their state law claim, not because they had failed to plead a state law claim. *Clemens v. DaimlerChrysler Corp.*, Case No. CV 05-8484-JFW (CWX), 2006 WL 6022681, at *3 (C.D. Cal. Apr. 20, 2006). Thus, *Clemens* does not hold that a party must bring a separate breach of warranty claim under state law in order to assert a claim under the Magnuson-Moss Act.

Because Tesla's argument regarding the requirements of stating a claim under the Magnuson-Moss Act is unsupported by the statutory text and relevant case law, Tesla fails to establish it is entitled to judgment as a matter of law. The Court therefore denies summary judgment based on failure to plead separate state law warranty claims.

**V.     Order**

Accordingly, IT IS HEREBY ORDERED that Defendant Tesla, Inc.'s Motion for Summary Judgment (ECF No. 15) is DENIED.

IT IS FURTHER ORDERED that the parties must file a Joint Pre-Trial Order no later than thirty (30) days after the date of this Order.

1	IT IS FURTHER ORDERED that the Clerk of Court is directed to assign another Magistrate
2	Judge for purposes of conducting a mandatory settlement conference.
3	Dated this 28th day of July, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE