UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FOUAD ELIAS KHOURY, and JUMANA KHOURY<br><br>Plaintiffs,<br><br>v.<br><br>TESLA, INC., and DOES 1 through 10, inclusive<br><br>Defendants. | Case No. 2:24-cv-01179-EJY<br><br>**ORDER** |

    Pending before the Court is the proposed Joint Pretrial Order("JPTO"). ECF No. 26. On page 5 of the JPTO, under the heading of exhibits *stipulated* into evidence, Defendant lists Plaintiffs' Interrogatory Responses, Responses to Request for Admission, and Responses to Request for Production. However, these exhibits are not "stipulated into evidence" as Plaintiffs object to all three exhibits. On pages five and six of the JPTO each of the parties list their initial disclosure of documents as exhibits to be admitted. This fails to comply with the local rule. On pages 7 through 12 Plaintiffs list 21 potential witnesses. Defendant reserves the right to call any or all of them.

    This is a simple breach of warranty case that is not likely to require the introduction of every document produced through Federal Rule of Civil Procedure 26 disclosures, nor the testimony of 21 witnesses. Indeed, the parties state this is likely to be a three day trial, which would necessarily preclude the introduction of numerous (as of yet) unidentified exhibits or 21 witnesses. Thus, and in sum, it appears to the Court that not a great deal of thought was given to what is needed to prove or defend this dispute at trial.

    Local Rule 16-3 is designed to streamline trial preparation and presentation. The parties cannot simply wait to make trial decisions until the eve of trial. Such tactics prevent the parties and the Court from achieving efficient preparation for trial. The problems with the currently proposed JPTO lead the Court to reluctantly reject that second iteration of this proposed order. The parties must meet and confer regarding the evidence they intend to introduce, the objections to the evidence

that may be raised, and the witnesses they intend to call based on what is needed to prove their claims and defenses at trial. The parties must clarify to which exhibits they actually stipulate. The parties are not to include in this list—as is presently the case—exhibits to which one party or the other objects. The parties may not list their "initial disclosures" as the exhibits they intend to introduce. Plaintiffs must then prepare a fully compliant proposed joint pretrial order.

Accordingly, IT IS HEREBY ORDERED that the proposed Joint Pretrial Order (ECF No. 26) is DENIED without prejudice.

IT IS FURTHER ORDERED that the parties must submit a fully compliant proposed Joint Pretrial Order no later than **September 24, 2025**.

IT IS FURTHER ORDERED that the parties are to reserve the **week of March 23, 2026** for trial and **March 16, 2026 at 10 a.m.** for calendar call.

IT IS FURTHER ORDERED that Motions in Limine **must** be filed no later than **February 13, 2026**, with responses due **February 27, 2026**. No replies are permitted without leave of Court. No extension of these dates will be granted.

IT IS FURTHER ORDERED that the Court will set due dates for voir dire, statement of the case, and jury instructions once the Joint Pretrial Order is filed.

Dated this 11th day of September, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE